UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KRISTI MICHELLE DEHART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:12-CV-316 |
| v. ) | (PHILLIPS/SHIRLEY) |
| ) | |
| MARC GROSSBARD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The parties appeared before the undersigned on June 18, 2013, to address a Motion to Withdraw [Doc. 10], filed by Plaintiff's attorney, and a Motion to Compel [Doc. 11], filed by the Defendant. Attorney Keith Lowe was present representing the Plaintiff, and Attorney Benjamin Lauderback was present representing the Defendant. The Plaintiff was also present in the courtroom.

**A.     Motion to Withdraw [Doc. 10]**

With regard to the Motion to Withdraw, Mr. Lowe represented that he had been unable to communicate with the Plaintiff for a long period despite numerous attempts to contact her. Mr. Lowe stated that, prior to the hearing, he and the Plaintiff had discussed this suit, their relationship, and the need for communication. Mr. Lowe stated that, based upon his conversation with the Plaintiff, he sought to withdraw the Motion to Withdraw. Mr. Lowe stated that he intended to continue to represent the Plaintiff in this case.

The Plaintiff stated that she understood her obligation to participate in this litigation and she understood her failure to participate in the litigation could result in sanctions. She stated that she wanted Mr. Lowe to continue as her attorney in this case, and she acknowledged she would be required to respond to the written discovery served by the Defendant, without delay.

Mr. Lauderback did not object on behalf of the Defendant to Mr. Lowe staying continuing as counsel for the Plaintiff.

Based upon the foregoing and for the reasons more fully stated at the hearing, the Court **GRANTED** the oral motion to withdraw the Motion to Withdraw. Therefore, the Motion to Withdraw **[Doc. 10]** is **DENIED AS MOOT**.

**B.     Motion to Compel [Doc. 11]**

With regard to the Motion to Compel, Mr. Lowe represented that the Plaintiff would respond to the discovery as quickly as possible. He suggested that the responses could be completed within seven days. Mr. Lauderback noted that the Defendant had originally requested an Order compelling responses within thirty days, but he agreed that a more abbreviated response time was desirable, given the period that the discovery requests had been outstanding.

Based on the foregoing and for the reasons more fully stated at the hearing, the Motion to Compel **[Doc. 11]** is **GRANTED**. The Plaintiff is **ORDERED** to respond to the written discovery served on her by the Defendant on or before **June 28, 2013.** The Court finds that an award of attorney's fees and expenses would be unjust at this time, and the Court will not award fees or expenses at this time.

Finally, as the Court noted at the hearing, the Plaintiff is **ADMONISHED** that failure to comply with this Memorandum and Order may result in a recommendation to the District Judge

that: "designated facts be taken as established for purposes of the action"; Plaintiff be prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; pleadings be struck in whole or part; the failure to obey the Court's Memorandum and Order be treated as contempt of court; Defendant be awarded attorney's fees and expenses; and/or this case be dismissed in whole or part. <u>See</u> Fed. R. Civ. P. 37(a)-(b).

**IT IS SO ORDERED**.

ENTER:

<u>  s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge